failure to return and complete certain work under its subcontract. The court resolved this issue against Massman. In a letter of August 28, 1939, to Sammons, Massman stated that Sammons had satisfactorily completed all the work required under the subcontract. This alone would be sufficient to sustain the court's conclusions resolving this issue against Massman.

The record in these appeals is inordinately and unnecessarily long and complicated. It is a maze and mass of conflicting evidence, in question and answer form. The trial court did an inordinate amount of work in scanning this record and resolving the conflicts in the testimony, and in making detailed findings of fact and conclusions of law. It is perhaps too much to expect that in the construction of a project of such magnitude some errors and miscalculations did not occur. It may also be possible that absolute accuracy may not have been reached by the trial court. That would be too much to expect in this labyrinth of mystification and confusion.

We find no reversible error in the record, and the judgment of the trial court is accordingly affirmed.

J. F. Kemp and J. M. Johnson, both of Atlanta, Ga., for appellant.

M. Neil Andrews, U. S. Atty., and Jas. T. Manning, Asst. U. S. Atty., both of Atlanta, Ga., for appellee.

Before HUTCHESON, WALLER, and LEE, Circuit Judges.

PER CURIAM.

The only issue presented by this appeal is whether the search complained of was an unreasonable one. On evidence supporting his finding, the district judge found that it was not. It will serve no useful purpose for us to review the evidence. It is sufficient to say that we find no reversible error in his ruling.

The judgment is affirmed.

### HIPP v. UNITED STATES.
#### No. 11616.

Circuit Court of Appeals, Fifth Circuit.
June 14, 1946.

Rehearing Denied July 11, 1946.
Writ of Certiorari Denied Oct. 14, 1946.
See 67 S.Ct. 89.

### UNION PRODUCING CO. v. WHITE et al.
#### No. 11432.

Circuit Court of Appeals, Fifth Circuit.
June 18, 1946.

